(29 Misc. Rep. 475.)

MAYER v. MOORE et al.

(Supreme Court, Special Term, New York County. November, 1899.)

MORTGAGES—ASSIGNMENT OF JUDGMENT.
    Where a mortgagee, foreclosing her first mortgage, also held a second mortgage, which she alleged was destroyed, the holder of a third mortgage was entitled to an assignment of her judgment of foreclosure, on executing to her an agreement to pay the amount due on the second mortgage whenever she, in an appropriate proceeding, should establish her right to collect the amount due thereon.

Suit by Alice Mayer against Ida E. Moore and others to foreclose a mortgage. Motion by the Lawyers' Surety Company, junior mortgagee, to require plaintiff to assign her judgment of foreclosure and sale to it. Granted.

Marx & Mayer, for plaintiff.
Norwood & Dilley, for defendant Lawyers' Surety Co.

SCOTT, J. The plaintiff, being the owner of a second mortgage upon certain property, has prosecuted this action of foreclosure to judgment. The plaintiff is also mortgagee of record of a third mortgage upon the same property. The defendant, the Lawyers' Surety Company, holds a fourth mortgage, and now moves that plaintiff be required to assign to it the judgment of foreclosure and sale in this action upon payment of the principal sum due, with interest and costs, and whatever expenses may have been incurred since the entry of judgment. Were it not for the existence of the

intermediate mortgage held by plaintiff, the motion would be granted as a matter of course. The plaintiff, however, insists that she is entitled to require of the surety company that it purchase, not only the judgment of foreclosure of the second mortgage, but also the third or intermediate mortgage, or at least undertake to pay off or take an assignment of that mortgage. It is obvious that, if the plaintiff be required to assign to the surety company her judgment of foreclosure of the second mortgage for the protection of the fourth mortgage, she would have the right, as holder of the third or intermediate mortgage, to at once turn around and require the surety company to reassign the judgment to her for the protection of her third mortgage; it being the superior lien to the mortgage held by the company. Of course, this circuity of action will not be required where the same result can be arrived at directly by requiring, as a condition of the assignment of the judgment to the fourth mortgagee, that proper provision be made to secure the third mortgagee. It is conceded by the surety company that if the plaintiff had elected to foreclose both her mortgages in a single action, as she might have done, it would have had to take an assignment of both mortgages, or of the judgment upon them. She was under no obligation, however, to include both mortgages in a single action, and should not be put in any worse position by reason of having omitted to do so than she would have been if she had done so. The plaintiff asserts that the value of the property is barely enough to pay her judgment and her third mortgage if the property be sold immediately, but, if the sale is indefinitely postponed, she fears that it may ultimately prove to be insufficient. So long as she controls the judgment upon the third mortgage, she can sell whenever she thinks the property will bring enough to pay her two liens, while, if the judgment be assigned, she will have no control over the question as to the time of sale. If there were no question as to her title to the intermediate mortgage, it would be proper to provide, as a condition of the assignment of the judgment, that the surety company take an assignment of the third mortgage as well. It seems, however, that the bond and mortgage have been destroyed by fire; and the surety company professes ignorance as to whether or not the plaintiff really owns it, and could make a valid assignment thereof. The plaintiff expresses herself as entirely satisfied of the responsibility of the surety company. The motion will therefore be granted upon condition that the Lawyers' Surety Company execute and deliver to the plaintiff an undertaking or agreement, without sureties, to pay the amount due upon the third mortgage, with interest and costs, whenever the plaintiff, in an action for the foreclosure of her third mortgage, or in any other appropriate action or proceeding, shall have established her right to collect the amount due upon said mortgage, and upon payment to plaintiff of $10 costs. Ordered accordingly.